UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Suzanne H. Keim,<br><br>     Plaintiff,<br><br>v.<br><br>L.A. HAIR BOUTIQUE LLC, LIQUID PROPERTIES LLC, CHRISTOPHER GUEST, AND KYM CLEVELAND,<br><br>     Defendants. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, by her undersigned attorneys, alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (FLSA).

2. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District because Defendants conduct business in this District, Defendants are incorporated and have their principal executive offices in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District. Venue is proper in this District pursuant to 28 U.S.C. § 1391, and 29 U.S.C. §§ 216-217.

### PARTIES

4. Plaintiff is a South Carolina resident and was employed by Defendants in South Carolina from January 2016 through December 31, 2016.

5. The corporate Defendants are both South Carolina corporations with headquarters in Spartanburg and Anderson, South Carolina. The individual Defendants are principals of the corporate Defendants and are liable for the actions alleged herein. At all relevant times, Defendants have been employers engaged in interstate commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. § 203.

## FACTS

6. Defendants employed Plaintiff between January 1, 2016 and January 1, 2017.

7. Defendants told Plaintiff that she would be paid $1,000.00 per week.

8. Plaintiff engaged in physical and clerical duties for Defendants.

9. Plaintiff followed directions of Defendants' principals, but had no decisionmaking authority.

10. Plaintiff traveled for work with the principals on a number of occasions, including one trip for approximately 28 consecutive days where Plaintiff worked as much as 80 hours per week.

11. Defendants contacted Plaintiff after normal business hours constantly to respond to work-related requests which Plaintiff did.

12. Plaintiff is not exempt from overtime compensation.

13. Plaintiff routinely worked more than 40 hours a week.

14. Defendants did not compensate Plaintiff for hours worked in excess of 40 hours per week.

15. When Plaintiff worked part of a work week and was on vacation part of the same week, Plaintiff received no compensation.

16. Plaintiff was not paid bonuses or other compensation because Defendants conspired to deny her such bonuses and other compensation.

17. Defendants failed to maintain accurate records of Plaintiff's time.

18. Plaintiff has sustained substantial losses from Defendants' failure to pay her for all hours worked.

FIRST CLAIM FOR RELIEF
(FLSA Overtime and Record Keeping)
Violations, 29 U.S.C. §§ 201, *et seq.*

19. Plaintiff realleges and incorporates by reference all previous paragraphs.

20. Defendants are employers under the Fair Labor Standards Act (FLSA).

21. Plaintiff performed work for Defendants that involved interstate commerce.

22. Plaintiff's job duties did not satisfy any of the overtime exemptions under the FLSA.

23. Plaintiff's job duties did not satisfy the executive exemption under the FLSA.

24. Plaintiff's job duties did not satisfy the administrative exemption under the FLSA.

25. Defendants are not entitled to claim any exemption to overtime under the FLSA because Defendants made improper deductions from Plaintiff's pay if she worked less than 40 hours in a work week.

26. While Defendants deducted from Plaintiff's pay if she worked less than 40 hours, it did not pay her any additional compensation for working over 40 hours in a work week.

27. Plaintiff regularly worked in excess of 40 hours per workweek.

28. Defendant failed to pay Plaintiff at one and one-half times her regular rate for hours worked in excess of 40 hours per workweek.

29. At all relevant times, Defendants regularly and repeatedly failed to make, keep, and preserve accurate records required by the FLSA with respect to Plaintiff, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiff.

30. Defendants' actions constitute a willful violation of the applicable laws.

31. Plaintiff seeks damages in the amount of the respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorney fees and costs, and such other legal and equitable relief as this Court deems just and proper.

SECOND CLAIM FOR RELIEF
(Violations of South Carolina Payment of Wages Act)
S.C. Code Ann. §§ 41-10-10 to 110

32. Plaintiff realleges and incorporates by reference all previous paragraphs.

33. Defendants failed to pay Plaintiff all wages owed for her labor.

34. Defendants made improper deductions from Plaintiff's wages.

35. Defendants failed to provide proper notice of deductions and Plaintiff did not consent to any improper deductions.

36. Defendants conduct constitutes a violation of the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110 (PWA).

37. Plaintiff worked for Defendants with the clear understanding and agreement that she would be paid consistent with applicable state or federal laws.

38. Defendants failed to provide Plaintiff with seven days' written notice of reductions in her pay.

39. Defendants have withheld Plaintiff's wages without providing advance notice of such amounts and absent any lawfully sufficient reason for such conduct.

40. Defendants' actions constitute willful violations of the applicable law.

41. As a direct and proximate cause of Defendants' conduct Plaintiff has suffered substantial losses. Plaintiff is entitled to and seeks damages in the amount of the unpaid wages, improper deductions, treble damages as provided by the PWA, attorney fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(Civil Conspiracy)

42. Plaintiff realleges and incorporates by reference all previous paragraphs.

43. Defendants conspired for the purpose of damaging Plaintiff and for the purpose of receiving extensive labor for which Plaintiff was not compensated.

44. Defendants' actions were for the purpose of receiving labor for multiple entities for which they did not properly compensate Plaintiff.

45. The overt acts that made up the conspiracy occurred both during and after Plaintiff's employment with Defendants.

46. The overt acts done pursuant to the conspiratorial combination of Defendants have damaged Plaintiff by depriving her of wages and requiring her to work without compensation.

47. As a result of Defendants' conduct, Plaintiff has suffered actual, compensatory, consequential, incidental and special damages.

48. Plaintiff's special damages include, but are not limited to, the requirement to work hours well in excess of 40 and not receive compensation. Plaintiff was required to devote substantial time to Defendants' business and to be completely assessable to Defendants. These requirements interfered with her personal life without compensation for such interference.

49. Defendants' conduct has been without privilege and done with such willful, malicious, and conscience indifference so as to justify an award of punitive damages.

5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under FLSA;

2. An award of lost and unpaid wages;

3. An award of actual and compensatory damages;

4. An award of double damages under the FLSA;

5. An award of treble damages under the PWA;

6. Penalties available under applicable law;

7. An award of special damages;

8. An award of punitive damages;

9. Costs of action incurred herein, including expert fees;

10. Attorney fees, including fees pursuant to 29 U.S.C. § 216, the PWA, and other applicable statutes;

11. Pre-judgment and post-judgment interest, as provided by law; and

12. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to a jury trial.

DATED this 25th day of August, 2017

                              Respectfully submitted,

                              s/Jeffrey A.Lehrer
                              Federal ID No. 7677
                              FORD & HARRISON LLP
                              100 Dunbar Street, Suite 300
                              Spartanburg, South Carolina 29306
                              *jlehrer@fordharrison.com*

Telephone:  864-699-1100
Facsimile:   864-699-1101

WSACTIVELLP:9291710.1